1  Cynthia L. Alexander, Esq.
   Nevada Bar No. 6718
2  Taylor Anello, Esq.
   Nevada Bar No. 12881
3  Snell & Wilmer L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, NV 89169
   Telephone: (702) 784-5200
5  Facsímile: (702) 784-5252
   Email: calexander@swlaw.com
6          tanello@swlaw.com

7

8  *Attorneys for SunTrust Mortgage, Inc.*

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF NEVADA**

11

12  LES COHEN,                          CASE NO. 2:15-CV-00412-GMN-GWF

13                 Plaintiff,

14  v.

15  GLYNIS TURRENTINE; and SUNTRUST     **DEFENDANT SUNTRUST**
    MORTGAGE, INC.; and U.S. BANK       **MORTGAGE'S RESPONSE TO ORDER**
16  NATIONAL ASSOCIATION AS             **TO SHOW CAUSE AS TO WHY THE**
    TRUSTEE FOR JP ALT 2006-A2; and     **COURT SHOULD NOT REMAND THIS**
17  MONTEREY AT THE LAS VEGAS           **ACTION TO CLARK COUNTY**
    COUNTRY CLUB; and LAS VEGAS         **DISTRICT COURT FOR FAILURE TO**
18  INTERNATIONAL COUNTRY CLUB          **SATISFY THE DIVERSITY**
    ESTATES; DOES 1 through 10, inclusive **JURISDICTION REQUIREMENTS SET**
19  ROE CORPORATION, 1 through 10,      **FORTH IN 28 U.S.C. §1322**
    inclusive,
20                 Defendants.

21

22

23  TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

24         Defendant SunTrust Mortgage, Inc. ("SunTrust"), by and through its counsel of record,

25  the law firm of Snell & Wilmer L.L.P., hereby respond to the Court's Order to show cause as to

26  why the Court should not remand this action to Clark County District Court for failure to satisfy

27  the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332. This Response is based on

28  the Memorandum of Points and Authorities herein, all papers on file with this Court, any

documents incorporated by reference or attached to the pleadings, and any oral argument that this Court may entertain. SunTrust hereby incorporates herein its Request for Judicial Notice and attached documents, filed concurrently herewith.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

There is complete diversity between the parties because none of the properly joined Defendants are citizens of Nevada.  Co-defendants, Glynis Turrentine ("Turrentine"), Monterey at the Las Vegas Country Club and Las Vegas International Country Club Estates (Monterey at the Las Vegas Country Club and Las Vegas International Country Club Estates are collectively referred to as the "HOA Defendants") are Nevada citizens, but fraudulently joined. The language in the Complaint, in addition to the recorded documents, establishes that Turrentine and the HOA Defendants are not asserting an adverse interest in the Property. Moreover, the Complaint fails to state a cause of action against Turrentine or the HOA Defendants.  Plaintiff fraudulently joined Turrentine and the HOA Defendants solely for the purposes of defeating diversity jurisdiction, and thus their citizenship should be disregarded for purposes of determining diversity.

### II. FACTUAL SUMMARY

On or about November 11, 2005, Glynis Turrentine ("Turrentine") purchased the real property at issue here, identified as 746 Oakmont Ave. #707, Las Vegas, Nevada 89109 (the "Property").  (Property generally described at Compl. ¶ 1; Grant, Bargain and Sale Deed attached to RJN as Exhibit 1.)[1]  Turrentine obtained a loan from SunTrust Mortgage, Inc. ("SunTrust") in the amount of $185,600.00 to do so. (First Deed of Trust attached to RJN as Exhibit 2.)  The Deed of Trust was recorded on November 18, 2005. (Deed of Trust attached to RJN as Exhibit 2.) Also, on November 11, 2005, Turrentine obtained a second loan from SunTrust in the amount of $46,400.00, which was secured by a Second Deed of Trust, recorded on November 18, 20015. (Second Deed of Trust attached to RJN as Exhibit 3.) On July 19, 2011, beneficial interest in the

---

[1] The Court may take into account evidence beyond the pleadings in determining whether fraudulent joinder exists. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 989 (D. Nev. 2005); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1   First Deed of Trust was transferred to U.S. Bank National Association as Trustee for JP ALT

2   2006-A2 ("U.S. Bank"). (Assignment of Deed of Trust attached to RJN as Exhibit 4.)

3   Additionally, on January 12, 2012, MERS, as nominee for SunTrust, recorded a Corporate

4   Assignment of Deed of Trust, assigning the First Deed of Trust to U.S. Bank. (Corporate

5   Assignment of Deed of Trust attached to RJN as Exhibit 5.)

6       Turrentine stopped making payments due under both Deeds of Trust, and allegedly

7   stopped paying homeowners association dues to the Monterey at the Las Vegas Country Club and

8   Las Vegas International Country Club Estates (the "HOA Defendants").   (Compl. ¶ 12; Notice of

9   Delinquent Assessment Lien, recorded on November 24, 2008, attached to RJN as Exhibit 6 and

10  Notice of Delinquent Assessment Lien, recorded on May 14, 2010, attached to RJN as Exhibit 7.)

11  The HOA Defendants then recorded a Notice of Default and Election To Sell Under Homeowners

12  Association Lien on about March 23, 2011. (HOA Notice of Default attached to RJN as Exhibit

13  8.)   On March 27, 2014, the HOA recorded a Notice of Foreclosure Sale.   (HOA Notice of

14  Foreclosure Sale attached to RJN as Exhibit 9.)

15      The HOA Defendants held a foreclosure sale on May 23, 2014 pursuant to NRS 116.3116

16  *et seq*. (Foreclosure Deed attached to RJN as Exhibit 10.)   At that sale, the Property was

17  purportedly sold to DML Investment Group, LLC for the total amount of $7,400.00 with a

18  foreclosure deed being recorded shortly thereafter on May 27, 2014. (Compl. ¶ 10-11; see Ex 10.)

19  On June 13, 2014, Plaintiff purported purchased the Property from DML Investment Group, LLC.

20  (Grant, Bargain, and Sale Deed attached to RJN as Exhibit 11.) On June 17, 2014, the HOA

21  defendants recorded two Releases and Satisfaction of Assessment Liens against the Property.

22  (Releases and Satisfaction of Assessment Liens attached to RJN as Exhibit 12 & 13.)

23      On January 29, 2015, Plaintiff, Les Cohen ("Cohen") filed the Complaint, initiating the

24  Action. Plaintiff served the Summons and Complaint to SunTrust on February 6, 2015.   A copy

25  of all process, pleadings, briefings, and orders served upon SunTrust are attached pursuant to 28

26  U.S.C. § 1446.   *See* Summons and Complaint, affidavits of service on SunTrust, Monterey at the

27  Las Vegas Country Club, U.S. Bank National Association, and affidavit of due diligence on U.S.

28  Bank National Association.   Plaintiff's Complaint requests quiet title, and injunctive and

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5300

declaratory relief. Plaintiff claims that Defendants should have no right, title, interest or claim in the property located at 746 Oakmont Ave. #707, Las Vegas, NV 89109.  Plaintiff also alleges slander to title. *See* Complaint. At this juncture, SunTrust is the only Defendant who has responded to the Complaint.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441, Congress has granted defendants the statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court.  This grant is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C §1332. This Court has original jurisdiction of the Action under 28 U.S.C. § 1332, as complete diversity exists between the Plaintiff and the Defendants. As such, a Defendant may remove the Action to the District Court of the United States for the district embracing the Court where the Action is pending. *See* 28 U.S.C. § 1441.

*1.   Legal standard to disregard citizenship for purposes of diversity.*

A fraudulently joined defendant will not defeat removal on diversity grounds.  *Silon v. American Home Assurance Company,* 2009 WL 1090700, * 4 (D. Nev. 2009) (citing *Ritchey v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds.")  "[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey,* 139 F. 3d at 1318. In determining fraudulent joinder, "the Court may 'pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony.'" *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995).)  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.,* 811 F. 2d 1336, 1339 (9th Cir. 1987.)

"Claims for fraudulent joinder are reviewed on a standard similar to or more lenient than the standard for motions to dismiss." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995

(D. Nev. 2005) (*citing Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.1975) (noting that to the extent appellant's case could withstand a motion to dismiss, the joinder of claims against Defendants was not fraudulent); *Bertrand v. Aventis Pasteur Labs., Inc.*, 226 F.Supp.2d 1206, 1213 (D.Ariz.2002) (noting that the standard for fraudulent joinders is more lenient than that employed in motion to dismiss inquiries). Here, Plaintiff is seeking to quiet title and enjoin U.S. Bank and SunTrust from foreclosing on the Property. As Turrentine and the HOA Defendants no longer have any interest in the Property and, more importantly, as they are not asserting an interest in the Property, there is no reason for them to respond to the Complaint or participate in this lawsuit. As established by Plaintiff's Affidavit of Due Diligence, Plaintiff cannot locate Turrentine, let alone establish that she is now claiming some sort of adverse claim on the Property. More importantly, Plaintiff served the HOA Defendants on February 5, 2015; however, they have not filed any response to the Complaint. Both the HOA Defendants and Turrentine's deadline to respond to the Complaint has long passed, yet Plaintiff has not filed a default against either.  It is questionable that a Defendant allegedly asserting an adverse interest in the Property would fail to respond to a Complaint that would affect that very interest.

Both the law and facts of this case establish that joinder of Turrentine and the HOA Defendants was without reasonable basis and made in bad faith for fraudulent purpose of defeating removal. Other than the recorded interests of U.S. Bank and SunTrust, there are no other surviving competing interests upon the Property. As such, U.S. Bank and SunTrust are the only properly named Defendants.

> *1.   The plain language of the Complaint establishes that Turrentine and the HOA were fraudulently joined.*

The language of the Complaint clearly shows that Plaintiff is not asserting any viable claims against Turrentine or the HOA. This Court has recently addressed fraudulent joinder in the context of an identical HOA "super-priority" lien complaint, finding that the inclusion of a defendant in the same position as Turrentine (i.e., the original homeowner/borrower) constituted fraudulent joinder and therefore upheld removal and denied remand. *Weeping Hollow Ave. Trust v. Spencer*, 2:13-cv-544 JCM-VCF, 2013 WL 3270556, at *2-3 (D. Nev. June 26, 2013)

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

(unpublished.) In *Weeping Hollow*, the plaintiff filed a similar complaint for quiet title and declaratory relief alleging it owned certain real property free and clear pursuant to NRS 116.3116 *et seq.* after purchase of the property at an HOA foreclosure sale. *Weeping Hollow*, 2013 WL 3270556. The Court found that the plaintiff's complaint alleged that: (1) the foreclosure was lawful under NRS 116.3116 *et seq.* because the original homeowner/borrower failed to pay its HOA dues; (2) the foreclosure complied with all requirements of NRS 116.3116 *et seq.*, and (3) that the foreclosure was lawful and proper. *Id.* at *2-3. Based on these findings, the Court held that the plaintiff's foreclosure "pursuant to NRS 116 extinguished [the original homeowner/borrower's] rights or interest in the property" and thus the original homeowner/borrower "is a fraudulently joined defendant and is dismissed from the action. This court has original, diversity jurisdiction and denies the motion to remand." *Id.*

Likewise, in the Complaint at issue, Plaintiff alleged that: (1) "title stems from a foreclosure deed arising from a delinquency in assessments due from the *former* owner, Glynis Turrentine to the Monterey at the Las Vegas Country club pursuant to NRS Chapter 116"; and (2) "the interest of each of the defendants, if any, has been extinguished by reason of the foreclosure sale, which was properly conducted with adequate notice given to all persons and entities claiming a recorded interest in the subject property and resulting from a delinquency in assessments due from the former owner, to Monterey at the Las Vegas Country Club, pursuant to NRS Chapter 116 and *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (2014)." *See* Amended Complaint at ¶¶ 12 & 17, respectively. Additionally, there is absolutely no specific mention of Glynis Turrentine in the Complaint, apart from the statements regarding jurisdiction, let alone any viable causes of action pled against her.

It is also clear from a plain reading of the Complaint that Plaintiff is purely seeking to avoid the holders of the First and Second Deed of Trust (U.S. Bank and SunTrust) from foreclosing on the Property. The First Claim For Relief is seeking declaratory relief and quiet title finding that, "any attempt to transfer of title to the Property through a non-judicial foreclosure sale pursuant to either the First Deed of Trust or the Second Deed of Trust would be invalid." *See* Complaint ¶ 23. The Second Claim For Relief is only asserted against U.S. Bank

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   and SunTrust. Finally, the Third Claim for Relief for slander to title alleges that "defendants have

2   made adverse claims that conflict with Plaintiff's claim to title and constitute a cloud upon title."

3   *See* Complaint at ¶ 31.   However, there is no evidence or even allegations that Turrentine or the

4   HOA have made any adverse claims that conflict with Plaintiff's claim to title.   In fact, the

5   evidence shows otherwise, as the HOA released both liens against the Property following the

6   foreclosure sale.   It is clear from the Complaint that Plaintiff is seeking to prevent the holders of

7   the First and Second Deeds of Trust from asserting an interest in the Property or from foreclosing.

8   However, in attempts to defeat complete diversity Plaintiff added the former owner and the HOA

9   as parties.

10            *2.   The claims asserted against Turrentine fail as a matter of law.*

11            "In Nevada, a complaint must set forth sufficient facts to establish all necessary elements

12   of a claim for relief so that the adverse party has adequate notice of the nature of the claim and

13   the relief sought." *Chandler v. NDeX W., LLC*, 571 F. App'x 606, 608 (9th Cir. 2014) (*citing* Hay

14   v. Hay, 100 Nev. 196, 678 P.2d 672, 674 (1984) (internal citations omitted)).   In *Chandler*, the

15   Ninth Circuit affirmed the district court's decision that defendants were fraudulently joined

16   because Plaintiff "failed to allege the necessary elements of any of the five state law causes of

17   action against them."   *Id.*   While Plaintiff has identified Turrentine as a party to this action,

18   Plaintiff has not alleged any conduct by Turrentine in support of its claims for quiet title and

19   declaratory relief.

20            Pursuant to Nevada Revised Statute ("NRS") 40.010, a quiet title action "may be brought

21   by any person *against another who claims an estate or interest in real property, adverse to the*

22   *person bringing the action*, for the purpose of determining such adverse claim."   (emphasis

23   added.)   To succeed on its quiet title claim, Plaintiff must allege that Turrentine has asserted an

24   adverse ownership interest in the Property.   "A quiet title claim requires a plaintiff to allege that

25   the defendant is unlawfully asserting an adverse claim to title to real property." *Turbay v. Bank of*

26   *Am., N.A.*, 2:12-CV-1367 JCM PAL, 2013 WL 1145212, at *4 (D. Nev. Mar. 18, 2013)

27   (unpublished); *Kemberling v. Ocwen Loan Servicing, LLC,* 2:09–CV–00567–RCJ LRL, 2009 WL

28   5039495, at *2 (D. Nev. Dec. 15, 2009) (unpublished).   Plaintiff's Complaint does not allege that

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1 Turrentine has asserted any claim to the Property.  To the contrary, Plaintiff's sole assertion is

2 that Turrentine "*was* the owner(s) of the Property. . . .", conceding that Plaintiff is currently not

3 asserting an interest in the Property..  (Compl. ¶ 2)(emphasis added.)  Additionally, as explained

4 above, Plaintiff makes no specific mention of Turrentine following the jurisdictional statements.

5          The former owner's interest in the property was entirely extinguished by the HOA

6 foreclosure sale. It is undeniable that a borrower's property interest is extinguished by a

7 foreclosure sale triggered by her own default. "[P]laintiff's title stems from a foreclosure deed

8 arising from a delinquency in assessments due from the former owner, Glynis Turrentine to the

9 Monterey at the Las Vegas Country Club."

10          Significantly, since the time of the HOA foreclosure sale Turrentine:  1) is not alleged to

11 have asserted any ownership interest or claim of title in the Property; 2) presumably no longer

12 resides in the Property; 3) has done nothing to indicate an intent to assert an ownership interest in

13 the Property; and 4) has recorded no encumbrances against the Property.   Turrentine's own

14 conduct, or more properly, lack thereof, combined with Plaintiff's own allegations, establish that

15 Turrentine is not a proper party to this action, and has been fraudulently joined solely in an

16 attempt to prevent removal. *Weeping Hollow,* 2013 WL 3270556, at *2-3.  As such, Plaintiff's

17 claims against Turrentine fails as a matter of law because Turrentine cannot and has not asserted

18 any interest in the Property, and the Plaintiff has not alleged any such interest.  Thus, Turrentine

19 should not be considered for purposes of diversity. *Id.*

20          *3.   The claims asserted against the HOA Defendants fail as a matter of law.*

21          The Complaint alleges that the HOA Defendants "claim[] a lien upon the property for

22 assessments in an amount of excess of that to which they may be entitled pursuant to NRS

23 116.3116" (Compl. ¶ 15); however, the both of the HOA Defendants filed releases of their

24 recorded liens after the foreclosure sale.  *See* RJN Exhibits 12 & 13. The HOA Defendants

25 directed the foreclosure sale, and after receipt of the proceeds therefrom, released their liens in

26 full against the Property. These assessment liens were released in full well before the Complaint

27 was filed. As such, there is no legal basis upon which the HOA could assert any adverse claim to

28 the property in question.

As with Turrentine, since the time of the HOA foreclosure sale the HOA Defendants:  1) are not alleged to have asserted any ownership interest or claim of title in the Property; 2) have done nothing to indicate an intent to assert an ownership interest in the Property; and 3) have recorded no new encumbrances against the Property.  The HOA Defendants' conduct combined with Plaintiff's allegations, establish that the HOA Defendants are not proper parties to this action, and have been fraudulently joined solely in an attempt to prevent removal.  *Weeping Hollow*, 2013 WL 3270556, at *2-3.  As such, Plaintiff's claims against the HOA Defendants fail as a matter of law because the HOA Defendants cannot and have not asserted any interest in the Property, and the Plaintiff has not alleged any such claim.  Thus, the HOA Defendants should not be considered for purposes of diversity.  *Id.*

**B.      The Amount in Controversy Requirement is Satisfied**

The jurisdictional amount required for removal based on diversity is also met because Plaintiff's Complaint establishes that the amount in controversy exceeds the sum of $75,000.00.  28 U.S.C. § 1332(a).  "In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends."  *Allum v. Mortgage Elec. Registration Sys., Inc.,* 2:12-CV-00294-GMN, 2012 WL 4746927 (D. Nev. Oct. 3, 2012) (citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale).)

Plaintiff seeks title to the property free of any obligations under the First and Second Deeds of Trust.  Turrentine originally executed a promissory note secured by a deed of trust on the Property in the amount of $185,600.00.  *See* RJN Exhibit 2. Thereafter, Turrentine executed a secondary promissory note secured by a deed of trust on the Property in the amount of $46,400.00.  *See* RJN Exhibit 3.    Accordingly, Plaintiff seeks to extinguish over $230,000 in liens on the Property.  Consequently, the Action satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   **III.     TIMELINESS OF AND CONSENT TO REMOVAL**

2          A defendant must remove the case to federal court within 30 days of receipt of the

3   complaint or "a copy of an amended pleading, motion, order or other paper from which it may

4   first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. §

5   1446(b).  The thirty-day period for removal does not begin to run until a party has received a copy

6   of the complaint and been properly served.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing,*

7   *Inc.*, 526 U.S. 344, 347-48 (1999).   Upon information and belief, SunTrust was served on

8   February 6, 2015.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) as the

9   thirty days in which to remove does not expire until March 6, 2015.

10          As a general rule, removal requires the consent of all co-defendants.  No other defendants

11  have appeared at the time of this removal.  As to the fraudulently joined Turrentine and HOA

12  Defendants, "[i]n cases involving alleged improper or fraudulent joinder of parties, however,

13  application of this requirement to improperly or fraudulently joined parties would be nonsensical,

14  as removal in those cases is based on the contention that no other proper defendant exists."

15  *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. La. 1993); *see also Simpson v. Union Pac.*

16  *R.R. Co.*, 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003) (holding that "[f]raudulent joinder

17  provides an exception to the unanimity requirement, in that the consent of a fraudulently joined

18  defendant is not required to remove a case.")   As Turrentine and the HOA Defendants are

19  fraudulently joined, are not proper parties, and have not made an appearance, their consent to

20  removal is not required here.

21  / / /

22  / / /

23  / / /

24

25

26

27

28

- 10 -

## IV.  CONCLUSION

Based on the foregoing, the pleadings, facts and relevant law establish that the citizenship of Turrentine and the HOA Defendants should be disregarded for determining whether complete diversity exists. As U.S. Bank and SunTrust are the only properly named Defendants, complete diversity exists and this matter should not be remanded back to Clark County District Court. Additionally, as the amount in controversy is satisfied and the Petition for Removal was timely, this Court has subject matter jurisdiction over this action.

Dated: March 25, 2015                  SNELL & WILMER L.L.P.

Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Taylor Anello Esq.
Nevada Bar No. 12881
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: calexander@swlaw.com
          tanello@swlaw.com

*Attorneys for SunTrust Mortgage, Inc.*

- 11 -

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT SUNTRUST MORTGAGE, INC.'S RESPONSE TO OSC RE REMOVAL** by the following method and addressed to the following:

    __X___   via CM/ECF electronic service

Michael N. Beede, Esq.
Nevada State Bar No. 13068
The Law Office of Mike Beede, PLLC
2300 W. Sahara Ave., Suite 420
Las Vegas, NV 89102
T: 702.473.8406
F: 702.832.0248
mike@LegalLV.com
Attorney for Plaintiff

DATED this 25 day of March, 2015.

_____
An employee of Snell & Wilmer L.L.P.

21213245

- 12 -