MICHAEL N. BEEDE, ESQ.
Nevada State Bar No. 13068
**THE LAW OFFICE OF MIKE BEEDE, PLLC**
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
Facsimile (702) 832-0248
mike@legallv.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LES COHEN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GLYNIS TURRENTINE; and SUNTRUST MORTGAGE, INC.; and U.S. Bank National Association as Trustee for JP Alt 2006-A2; and Monterey at the Las Vegas Country Club; and Las Vegas International Country Club Estates; DOES 1 through 10, inclusive, ROE CORPORATIONS, 1 through 10, inclusive,<br>                    Defendants, | CASE NO. 2:15-CV-00412-GMN-GWF<br><br>**PLAINTIFF LES COHEN'S RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT REMAND THIS ACTION TO CLARK COUNTY DISTRICT COURT FOR FAILURE TO SATISFY THE DIVERSITY JURISDICTION REQUIREMENTS SET FORTH IN 28 U.S.C. §1322** |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

     Plaintiff, Les Cohen, ("Cohen"), by and through its counsel of record, The Law Office of Mike Beede, PLLC, hereby responds to the Court's Order to show cause as to why the Court should not remand this action to Clark County District Court for failure to satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. §1322. This Response is based on the Memorandum of Points and Authorities herein, all papers on file with this Court, any documents incorporated by reference or attached to the pleadings, and any oral argument that this Court may entertain.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

There is a lack of diversity amongst the Defendants in this action as the prior owner of the subject property, Glynis Turrentine ("Turrentine") is a Nevada resident. Additionally Monterey at the Las Vegas Country Club ("Monterey") and Las Vegas International Country Club Estates ("Estates") are Nevada corporations. Defendant's own Petition for Removal concedes that Turrentine, Monterey and Estates are Nevada residents as is Cohen. Each of these Defendants potentially holds interests adverse to those of the Plaintiff relative to the subject property and as such they are all necessary parties to this action. Defendant's allegations that Ms. Turrentine, Monterey, and Estates for the purposes of defeating diversity is wholly without merit, as they are real parties in interest with claims adverse to the Plaintiff in the subject property.

## II. FACTUAL SUMMARY

This action concerns the title to real property located in Clark County, Nevada, and commonly known as 746 Oakmont Ave. #707, Las Vegas, Nevada 89109 (the "Subject Property"). Cohen acquired his interest in the Subject Property by virtue of a Grant Bargain and Sale Deed granted by DML Investment Group, LLC ("DML"). DML's interest arose by virtue of a foreclosure sale conducted on May 23, 2014 by Monterey and Estates pursuant to NRS 116. Cohen seeks a judicial determination pursuant to *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) and NRS 116.3116 that the interests of all Defendants were extinguished following the foreclosure sale.

## III. LEGAL STANDARD

Cases filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action if it had been originally brought in federal court. 28 U.S.C. § 1441(a). Federal courts have jurisdiction over suits between citizens of the different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

**IV. Argument**

Complete diversity of citizenship is required for this Court to assert diversity jurisdiction over this case pursuant to 28 U.S.C. §1322. Defendant urges that complete diversity exists in the instant case because Turrentine, Monterey and Estates are "fraudulently joined defendant[s]." This simply cannot be, as Cohen has brought this action for the court to make a final determination as to all potential interests in the Subject Property. *Suntrust Response* at 4:15. All potential interest holders, far from being fraudulently joined, are necessary parties. The Supreme Court has noted that, "A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." *Martin et. al. v. Wilks et. al* 490 US 755, 762 (1989). Without participation by Turrentine, Monterey, and Estates Cohen cannot obtain a final determination as to his rights in the Subject Property, and ultimately cannot obtain clear title to the extent that title insurance would be issued by any reasonable title insurer.

Defendant argues that Cohen's complaint fails to allege a cause of action against Turrentine, Monterey and Estates. This is not the case as Paragraph 13 of Cohen's Complaint clearly states, "Plaintiff took title to the Property free and clear of all junior liens and encumbrances affecting title to the Property, including the First Deed of Trust, the Second Deed of Trust, and assessments or other fees claimed by Monterey at the Las Vegas Country Club and Las Vegas International Country Club Estates accruing prior to the date of the Deed, and any claim to title of the Property that may be asserted to by Defendants." Paragraph 22 of the complaint states, "Upon information and belief, the Defendants herein assert claims to the Property adverse to that of the Plaintiffs." Paragraph 23 seeks a declaration from the court that plaintiff owns the property free and clear of any lien or encumbrance claimed by "any and all defendants" In each paragraph, as in the rest of Cohen's complaint Defendants collectively refers to all named defendants including Turrentine, Monterey and Estates.

The suggestion that Turrentine or either HOA are fraudulently joined defendants simply ignores the plain facts in this case and the causes of action pled by Plaintiff. Defendant Suntrust alleges, through the citation of unreported cases decided prior to *SFR v US Bank*, that because Plaintiff believes that Turrentine's interest is extinguished, that she is a fraudulently

joined party. However, Plaintiff seeks in his complaint to quiet title as to all parties who may have an adverse claim against the subject property. Turrentine may have an adverse claim. The validity of Turrentine's claim is mirrored by the validity of SunTrust's potential claim. Turrentine was the undisputed owner of the real property prior to the foreclosure sale under NRS 116. Admittedly, it is Plaintiff's contention that Turrentine's interest was extinguished through that foreclosure. However, an adjudication of that claim is necessary to establish clear title to the property. Plaintiff similarly claims that SunTrust may have had a valid deed of trust associated with the subject property, but that interest, if any, was also extinguished through the foreclosure sale as decided in *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 417, 2014 Nev. LEXIS 88, 26, 130 Nev. Adv. Rep. 75 (Nev. 2014). Surely an allegation that a party's interest has been extinguished cannot render that party fraudulently joined. Rather, as pled in Plaintiff's complaint, Cohen seeks a declaration of rights from the Eighth Judicial District court pursuant to NRS 40.010 and NRS 30.030, which reads "Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for." (emphasis added) Plaintiff seeks and requires a declaratory judgment against all named defendants because *all* defendants' interests were extinguished through the foreclosure sale, and such a declaration is necessary to obtain marketable title to the subject property. Plaintiff's first cause of action is for a declaratory judgment against all parties, including Turrentine and both HOA Defendants. The exclusion of Turrentine from this action would materially impair the Plaintiff's rights under NRS 30.030 and NRS 40.010, and thus Turrentine cannot be deemed a fraudulently joined party.

The additional claim that the HOA Defendants are somehow fraudulently joined is either disingenuous or misinformed. While Plaintiff is actively attempting to settle the subject claims with those defendants, they are still proper parties. Plaintiff, while unable to disclose the contents of settlement negotiations, has been in contact with both parties, which are represented by counsel. Plaintiff has agreed with these parties that no responsive pleading would be required until this action has either been remanded to the Eighth Judicial District

4

Court or a final order as to the instant order to show cause is issued. This, however, does not in any way limit the necessity of those parties in the instant action. To suggest otherwise would deter settlement negotiations and judicial efficiency.

Turrentine, Monterey at the Las Vegas Country Club; and Las Vegas International Country Club Estates are each citizens of Nevada, are necessary and proper parties to the instant action, and preclude removal on the basis of diversity jurisdiction.

## V. CONCLUSION

Defendant has failed to meet its burden in showing that complete diversity of citizenship exists. Therefore removal was improper, and this court must remand the instant case to the Clark County District Court.

Dated this ___ day of April, 2015.

THE LAW OFFICE OF MIKE BEEDE, PLLC

BY: _____
Michael N. Beede, Esq.
Nevada State Bar No. 13068
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
Facsimile (702) 832-0248
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b) I certify that on the Eighth day of April, 2015, I electronically transmitted the foregoing PLAINTIFF LES COHEN'S RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT REMAND THIS ACTION TO CLARK COUNTY DISTRICT COURT FOR FAILURE TO SATISFY THE DIVERSITY JURISDICTION REQUIREMENTS SET FORTH IN 28 U.S.C. §1322 to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

Cynthia L. Alezander, Esq.
Nevada Bar No. 6718
Taylor Anello, Esq.
Nevada Bar No. 12881
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Email: Calexander@swlaw.com
          tanello@swlaw.com
*Attorneys for SunTrust Mortgage, Inc.*

                                /s/ Michael N. Beede
                                An Employee of The Law Office of Mike Beede, PLLC