Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Taylor Anello, Esq.
Nevada Bar No. 12881
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: calexander@swlaw.com
       tanello@swlaw.com

*Attorneys for SunTrust Mortgage, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LES COHEN,<br><br>Plaintiff,<br><br>v.<br><br>GLYNIS TURRENTINE; and SUNTRUST MORTGAGE, INC.; and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR JP ALT 2006-A2; and MONTEREY AT THE LAS VEGAS COUNTRY CLUB; and LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES; DOES 1 through 10, inclusive ROE CORPORATION, 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:15-CV-00412-GMN-GWF<br><br>**DEFENDANT SUNTRUST MORTGAGE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT REMAND THIS ACTION TO CLARK COUNTY DISTRICT COURT FOR FAILURE TO SATISFY THE DIVERSITY JURISDICTION REQUIREMENTS SET FORTH IN 28 U.S.C. §1322** |

Defendant SunTrust Mortgage, Inc. ("SunTrust"), by and through its counsel of record, the law firm of Snell & Wilmer L.L.P., hereby responds to the Court's Order to Show.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff fraudulently joined Turrentine and the HOA Defendants solely for the purposes of defeating diversity jurisdiction, and thus their citizenship should be disregarded for purposes of determining diversity. Co-defendants, Glynis Turrentine ("Turrentine"), Monterey at the Las

Vegas Country Club and Las Vegas International Country Club Estates (Monterey at the Las Vegas Country Club and Las Vegas International Country Club Estates are collectively referred to as the "HOA Defendants") are Nevada citizens, but fraudulently joined. The language in the Complaint, in addition to the recorded documents, establishes that Turrentine and the HOA Defendants are not asserting an adverse interest in the Property. Moreover, the Complaint fails to state a cause of action against Turrentine or the HOA Defendants.

## II.   LEGAL STANDARD

This Court has original jurisdiction of the Action under 28 U.S.C. § 1332, as complete diversity exists between the Plaintiff and the properly named Defendants. As such, a Defendant may remove the Action to the District Court of the United States for the district embracing the Court where the Action is pending. *See* 28 U.S.C. § 1441.

### 1. Legal standard to disregard citizenship for purposes of diversity.

A fraudulently joined defendant will not defeat removal on diversity grounds. *Silon v. American Home Assurance Company*, 2009 WL 1090700, * 4 (D. Nev. 2009) (citing *Ritchey v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds.") "[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey*, 139 F. 3d at 1318. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987.)

"Claims for fraudulent joinder are reviewed on a standard similar to or more lenient than the standard for motions to dismiss." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (*citing Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.1975) (noting that to the extent appellant's case could withstand a motion to dismiss, the joinder of claims against Defendants was not fraudulent); *Bertrand v. Aventis Pasteur Labs., Inc.*, 226 F.Supp.2d 1206, 1213 (D.Ariz.2002) (noting that the standard for fraudulent joinders is more lenient than that employed in motion to dismiss inquiries). Here, Plaintiff is seeking to quiet title and enjoin U.S. Bank and SunTrust from foreclosing on the Property. As Turrentine and the HOA Defendants no

longer have any interest in the Property and, more importantly, as they are not asserting an interest in the Property, there is no reason for them to respond to the Complaint or participate in this lawsuit. As established by Plaintiff's Affidavit of Due Diligence, Plaintiff cannot locate Turrentine, let alone establish that she is now claiming some sort of adverse claim on the Property. Both the HOA Defendants and Turrentine's deadline to respond to the Complaint has long passed, yet Plaintiff has not filed a default against either.

*2. The plain language of the Complaint establishes that Turrentine and the HOA were fraudulently joined.*

The language of the Complaint clearly shows that Plaintiff is not asserting any viable claims against Turrentine or the HOA Defendants. This Court has recently addressed fraudulent joinder in the context of an identical HOA "super-priority" lien complaint, finding that the inclusion of a defendant in the same position as Turrentine (i.e., the original homeowner/borrower) constituted fraudulent joinder and therefore upheld removal and denied remand. *Weeping Hollow Ave. Trust v. Spencer*, 2:13-cv-544 JCM-VCF, 2013 WL 3270556, at *2-3 (D. Nev. June 26, 2013) (unpublished.) In *Weeping Hollow*, based on the language in the complaint, the Court held that the plaintiff's foreclosure "pursuant to NRS 116 extinguished [the original homeowner/borrower's] rights or interest in the property" and thus the original homeowner/borrower "is a fraudulently joined defendant and is dismissed from the action." *Id.*

Likewise, in the Complaint at issue, Plaintiff alleged that "the interest of each of the defendants, if any, has been extinguished by reason of the foreclosure sale, which was properly conducted with adequate notice given to all persons and entities claiming a recorded interest in the subject property and resulting from a delinquency in assessments due from the former owner, to Monterey at the Las Vegas Country Club, pursuant to NRS Chapter 116 and *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (2014)." See Amended Complaint at ¶¶ 12 & 17, respectively. Additionally, there is absolutely no specific mention of Glynis Turrentine in the Complaint, apart from the statements regarding jurisdiction, let alone any viable causes of action pled against her. Plaintiff's Response does not establish otherwise.

It is also clear from a plain reading of the Complaint that Plaintiff is purely seeking to avoid the holders of the First and Second Deed of Trust (U.S. Bank and SunTrust) from foreclosing on the Property. The First Claim For Relief is seeking declaratory relief and quiet title finding that, "any attempt to transfer of title to the Property through a non-judicial foreclosure sale pursuant to either the First Deed of Trust or the Second Deed of Trust would be invalid." *See* Complaint ¶ 23. The Second Claim For Relief is only asserted against U.S. Bank and SunTrust. Finally, the Third Claim for Relief for slander to title alleges that "defendants have made adverse claims that conflict with Plaintiff's claim to title and constitute a cloud upon title." *See* Complaint at ¶ 31.

Plaintiff claims that it "is in settlement negotiations with the HOA Defendants to settle 'claims' and that he has agreed that no responsive pleading would be required until the action had been remanded or a final order as to the instant order to show cause was issued." Plaintiff provides no explanation as to what "claims" he is attempting to settle with the HOA Defendants and is completely silent as to Turrentine. It seems contrary to the purpose of the Complaint to be negotiating with Defendants you contend have no interest in the Property. Further, there is no evidence that Turrentine or the HOA have made any adverse claims that conflict with Plaintiff's claim to title. In fact, the evidence shows otherwise, as the HOA released both liens against the Property following the foreclosure sale. Simply asserting a cause of action as to "all Defendants" does not mean that Plaintiff has asserted a viable cause of action against Turrentine and the HOA Defendants. Unlike Turrentine, SunTrust has a validly recorded Deed of Trust on the Property, which was not released, as that of the HOA. However, in attempts to defeat complete diversity Plaintiff added the former owner and the HOA as parties.

    3. *The claims asserted against Turrentine fail as a matter of law.*

In *Chandler v. NDeX W., LLC*, the Ninth Circuit affirmed the district court's decision that defendants were fraudulently joined because Plaintiff "failed to allege the necessary elements of any of the five state law causes of action against them." 571 F. App'x 606, 608 (9th Cir. 2014) (*citing* Hay v. Hay, 100 Nev. 196, 678 P.2d 672, 674 (1984) (internal citations omitted)). While

Plaintiff has identified Turrentine as a party to this action, Plaintiff has not alleged any conduct by Turrentine in support of its claims for quiet title and declaratory relief.

To succeed on its quiet title claim pursuant to NRS 40.010, Plaintiff must allege that Turrentine has asserted an adverse ownership interest in the Property. However, Plaintiff's Complaint does not allege that Turrentine has asserted any claim to the Property. To the contrary, Plaintiff's sole assertion is that Turrentine "*was* the owner(s) of the Property. . . .", conceding that Plaintiff is currently not asserting an interest in the Property... (Compl. ¶ 2)(emphasis added.) Additionally, Plaintiff makes no specific mention of Turrentine following the jurisdictional statements. It is undeniable that a borrower's property interest is extinguished by a foreclosure sale triggered by her own default. Significantly, since the time of the HOA foreclosure sale Turrentine: 1) is not alleged to have asserted any ownership interest or claim of title in the Property; 2) presumably no longer resides in the Property; 3) has done nothing to indicate an intent to assert an ownership interest in the Property; and 4) has recorded no encumbrances against the Property. As such, Plaintiff's claims against Turrentine fails as a matter of law because Turrentine cannot and has not asserted any interest in the Property, and the Plaintiff has not alleged any such interest. Thus, Turrentine should not be considered for purposes of diversity.

### 4. The claims asserted against the HOA Defendants fail as a matter of law.

The Complaint alleges that the HOA Defendants "claim[] a lien upon the property for assessments in an amount of excess of that to which they may be entitled pursuant to NRS 116.3116" (Compl. ¶ 15); however, the both of the HOA Defendants filed releases of their recorded liens after the foreclosure sale. *See* RJN Exhibits 12 & 13. The HOA Defendants directed the foreclosure sale, and after receipt of the proceeds therefrom, released their liens in full against the Property well before the Complaint was filed. As such, there is no legal basis upon which the HOA could assert any adverse claim to the property in question. As such, Plaintiff's claims against the HOA Defendants fail as a matter of law because the HOA Defendants cannot and have not asserted any interest in the Property. Thus, the HOA Defendants should not be considered for purposes of diversity.

### III. CONCLUSION

Based on the foregoing, the pleadings, facts and relevant law establish that the citizenship of Turrentine and the HOA Defendants should be disregarded for determining whether complete diversity exists. As U.S. Bank and SunTrust are the only properly named Defendants, complete diversity exists and this matter should not be remanded back to Clark County District Court. Additionally, as the amount in controversy is satisfied and the Petition for Removal was timely, this Court has subject matter jurisdiction over this action.

Dated: April 15, 2015

SNELL & WILMER L.L.P.

_____
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Taylor Anello Esq.
Nevada Bar No. 12881
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: calexander@swlaw.com
       tanello@swlaw.com

*Attorneys for SunTrust Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE REGARDING REMOVAL** by the following method and addressed to the following:

__X__ via CM/ECF electronic service

Michael N. Beede, Esq.
Nevada State Bar No. 13068
The Law Office of Mike Beede, PLLC
2300 W. Sahara Ave., Suite 420
Las Vegas, NV 89102
T: 702.473.8406
F: 702.832.0248
mike@LegalLV.com
Attorney for Les Cohen

DATED this 15th day of April, 2015.

An employee of Snell & Wilmer L.L.P.

21388871