Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Taylor A. Anello, Esq.
Nevada Bar No. 12881
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone: (702) 784-5200
Facsímile:  (702) 784-5252
Email: calexander@swlaw.com
           tanello@swlaw.com
*Attorneys for Defendant SunTrust Mortgage, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LES COHEN,<br><br>                        Plaintiff,<br><br>v.<br><br>GLYNIS TURRENTINE; and SUNTRUST MORTGAGE, INC.; and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR JP ALT 2006-A2; and MONTEREY AT THE LAS VEGAS COUNTRY CLUB; and LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES; DOES 1 through 10, inclusive ROE CORPORATION, 1 through 10, inclusive,<br><br>                        Defendants. | Case No. 2:15-cv-00412-GMN-GWF<br><br>**STIPULATION AND ORDER RE PRODUCTION OF CONFIDENTIAL INFORMATION** |

Plaintiff Les Cohen, (collectively "*Plaintiff*") by and through his attorney, the Law Office of Mike Beede, PLLC, Defendant SunTrust Mortgage, Inc., by and through its attorneys, Snell & Wilmer L.L.P., (collectively "*the Parties*" or individually a "*Party*") hereby stipulate to the following Confidentiality Agreement:

WHEREAS the parties in this matter may be required under Federal Rules of Civil Procedure, or pursuant to written discovery requests, to produce documents and/or information

21489822

that contain proprietary information, sensitive financial information, confidential information, documents containing business procedures and/or policies that SunTrust has a desire to remain confidential, and/or trade secrets (hereinafter collectively referred to as "*Confidential Information*").

WHEREAS, in light of the foregoing, the Parties have agreed to establish procedures to protect the confidentiality of the Confidential Information;

NOW, THEREFORE, it is hereby stipulated and agreed, and the Court is respectfully requested to enter an Order, as follows:

1. Any discovery response, information, document or thing produced, and/or all deposition testimony given in connection with this litigation that contains sensitive information may be designated as Confidential Information. Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, emails and other electronic data, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions, in whole or in part, and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things. The handling of such information shall be made in accordance with the terms of this Order. A discovery response, information, document or thing produced, and/or all deposition testimony may be designated as Confidential Information by one of the following methods:

   a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential; and,

   b. In the case of depositions, including exhibits thereto, or other pretrial testimony: (i) by a statement on the record, by any counsel or the deponent, at the time of such disclosure; or (ii) by written notice from any Party's counsel or the deponent or

his/her counsel, within ten business days after receiving a copy of the transcript thereof, designating all or some of the transcript and/or documents referred to therein as Confidential. Such written notice must be sent to counsel for all Parties, the deponent and counsel for the deponent. Only those portions of the transcripts so designated as "Confidential" must be treated as Confidential. The Parties may modify this procedure for any particular deposition, by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

2.  The designation "Confidential" shall apply to materials and information that may be disclosed to the parties and others identified in this Order for the purposes of the litigation, but which is intended to be protected against disclosure to third parties. Absent a specific order by the Court to the contrary, once designated as "Confidential," such information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, other litigation or governmental purpose or function, and such information shall not be disclosed to anyone except as expressly provided herein.

3.  If a party inadvertently fails to mark "Confidential" upon production of information, the disclosing party may subsequently designate that material as Confidential by giving written notice to the receiving party and providing properly marked or designated copies within fifteen (15) days of such notice. In the event information is not marked as confidential and is used by the opposing party prior to any confidential designation, it shall be incumbent upon the designating party to prove the confidential nature of such material to the Court.

4.  Any party may, at any time, request or contest in writing that any Confidential Information be released from the requirements of this Confidentiality Agreement. A party who makes such a contention shall be referred to in this Order as the "Requesting Party". Upon written contention, the party claiming that information is "Confidential" shall meet and confer with the Requesting Party within ten (10) days of receipt of a written request therefor. If an agreement cannot be reached by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation of such

- 3 -

21489822

information or document. The Requesting Party shall submit the contested Confidential Information to the Court for in camera inspection, and the terms of this Stipulation and Protective Order shall continue to apply to such Confidential Information until the Court rules on the application.

     5. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential, shall not be disclosed except as set forth herein.

     6. Confidential Information may only be disclosed to the following persons:

        a. any party and counsel of record for any party to this action;

        b. paralegal, stenographic, clerical and secretarial personnel employed by current for a party to the case, (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

        c. stenographic, video or audio court reporters engaged to record depositions in this litigation, and certified interpreters and/or translators for those depositions, if any;

        d. non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

        e. any person identified on the face of any such Confidential Information as an author or recipient thereof;

        f. any person who is determined to have been an author and/or previous recipient of the Confidential Information, but who is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

        g. any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

- 4 -

21489822

    h. any other person by written agreement among all Parties' counsel, or by order of the Court;

7. Each individual identified in paragraphs 6 (a) - (h) above to whom Confidential Information is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing him or her such material a copy of this Order. Counsel disclosing Confidential Information shall advise said persons of the provisions of this Confidentiality Agreement and secure adequate assurance of confidentiality and agreement from that person or entity: (1) to be bound by the terms hereof, (2) to maintain the received Confidential Materials in confidence, and (3) not to disclose the received Confidential Materials to anyone other than in accordance with the terms of this Confidentiality Agreement.

8. The foregoing is without prejudice to the right of any party to this Order to:

    a. seek to modify or obtain relief from any aspect of this Order; or

    b. object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order.

9. Nothing in this Confidentiality Agreement shall prohibit a Party from using Confidential Materials for deposition preparation, use during a deposition, or from marking any Confidential Materials as an exhibit to a deposition and examining the deponent thereon. Likewise, nothing in this Confidentiality Agreement shall prohibit a Party from using Confidential Materials for examination of a witness at trial, or from marking any Confidential Materials as an exhibit during trial and examining a trial witness thereon.

10. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present. The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter. If any document or information designated as Confidential Information pursuant to this Order is used during the course of a deposition, that portion of the deposition record reflecting such material shall be labeled with the appropriate "Confidential" designation.

21489822

11. If any Party intends to submit any filing to the Clerk of the Court (the "Filing Party"), as such filing may be required or permitted by the local rules of this Court, which contains or has attached to it Confidential Information, the Filing Party shall inform counsel for the party that designated the documents or information as Confidential Information (the "Designating Party") of the planned filing and the specific information or documents it intends to include, in writing, at least five (5) business day prior to submitting such a filing. The Designating Party may move this Court to protect such information or request that the information be filed under seal by making a showing consistent with *Kamakana v. City and County of Honolulu*. 447 F.3d 1172 (9th Cir. 2006). The Filing Party shall not submit the filing until the Court has ruled upon the Designating Party's Request. If such a filing is subject to any deadlines under the rules of civil procedure or otherwise, the Filing Party shall have an extension of time to submit the filing until three (3) business days after the Court issues a ruling upon the Designating Party's Request.

12. In the event of a hearing or trial in this matter at which any party intends to present information or materials designated hereunder as Confidential, counsel for the Parties will meet and confer to determine what safeguards are necessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures into the pre-trial order. For trial, the party seeking to use information designated Confidential without redacting the Confidential portion of the information, shall, via written motion in limine filed and served pursuant to the Court's trial scheduling order, submit all such information (document, transcript, interrogatory answer, etc.) to the trial judge under seal for in camera review, and a decision on whether such information can be used at trial, and if so, what limitations, if any, shall apply.

13. This Confidentiality Agreement shall survive the termination of this action and shall continue in full force and effect thereafter. Within thirty (30) calendar days after the

termination of this action and the expiration of any and all rights of appeal or further appeal or the expiration of time to seek leave to appeal, all persons or entities that have received Confidential Materials shall return all such Confidential Materials to counsel for the designated Party. As an alternative to returning all or part of such Confidential Materials, persons or entities may certify in writing for the producing Party that they have destroyed all unreturned Confidential Materials. Where a Party has provided Confidential Materials to a retained expert or consultant or any other person or entity, it shall be the responsibility of that Party to obtain the return or destruction of the Confidential Materials from such expert or consultant. This paragraph does not apply to the copies of Confidential Materials that have been submitted to and are in the possession of the Court. This Confidentiality Agreement shall not preclude the use or disclosure of any Confidential Materials during the trial of this action, subject to the right of any Party to seek an Order governing use of the Confidential Materials at trial.

14. Within fifteen (15) days of the close of this action, whether by judgment, order, settlement or other means, the Parties must return all information, and copies thereof, in their possession to the Party that served the Confidential Information.

15. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested, via formal discovery request or otherwise, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall, within three (3) business days of receipt, give the other party hereto notice of said request. The party receiving the discovery request or subpoena shall in the interim take all necessary steps to protect the potentially Confidential information and all information so designated in this case as if it were its own confidential information. The party receiving notice of a pending discovery request, subpoena, or other inquiry, shall have three (3) business days to, in writing, advise the party from whom the discovery was requested of its intent to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The party objecting to the disclosure of the Confidential Information shall take all steps it deems necessary at its own expense, including incurring and

paying its own attorney's fees.  It is acknowledged and agreed that any violation or threatened violation of this provision by any party will cause immediate and irreparable harm entitling the other party to obtain injunctive relief, including a temporary restraining order without notice pending a hearing on an application for preliminary injunction in addition to all other legal remedies available.

16. The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such parties.

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

18. This Confidentiality Order may only be amended or modified by written agreement of the parties hereto and approved by this Court, or by order of this Court.

Dated this 20th day of July, 2015.                Dated this 20th day of July, 2015.

SNELL & WILMER L.L.P.

By:  */s/ Cynthia L. Alexander*　　　　　　By:　*/s/ Michael N. Beede*
Cynthia L. Alexander, Esq.　　　　　　　　　Michael N. Beede, Esq.
Nevada Bar No. 6718　　　　　　　　　　　　Nevada State Bar No. 13068
Taylor A. Anello, Esq.　　　　　　　　　　　The Law Office of Mike Beede, PLLC
Nevada Bar No. 12881　　　　　　　　　　　2300 W. Sahara Ave., Suite 420
3883 Howard Hughes Parkway, Suite 1100　Las Vegas, NV 89102
Las Vegas, NV  89169　　　　　　　　　　　T: 702.473.8406
*Attorneys for Defendant SunTrust*　　　　　F: 702.832.0248
*Mortgage, Inc.*　　　　　　　　　　　　　　mike@LegalLV.com
　　　　　　　　　　　　　　　　　　　　　Attorney for Les Cohen

21489822

## **ORDER**

Based upon the parties' stipulation, **IT IS SO ORDERED** that the terms of this Confidentiality Agreement shall govern the production of Confidential Information, as defined herein, for the above-captioned litigation.

**IT IS FURTHER ORDERED** that this Court shall have jurisdiction over the parties hereto for the purpose of enforcing the terms and conditions of this Confidentiality Agreement.

DATED this 21st day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge